OPINION
Plaintiff-appellant Erin M. Walton appeals the December 11, 2001 Judgment Entry entered by the Holmes County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Continental Casualty Company ("Continental").
 STATEMENT OF THE FACTS AND CASE
On September 19, 1999, sixteen year old appellant was the passenger in a vehicle driven by Nancy Christian, who was also sixteen. Appellant was injured when Christian negligently failed to yield the right-of-way to another vehicle. Christian's insurer paid the policy limits of $100,000 to appellant. Appellant alleges her damages exceed $100,000, thereby making Christian an underinsured motorist.
Appellant sought underinsured motorist benefits from a business auto policy issued by Continental to Worthington Industries, Inc. Theresa Burgett, appellant's mother, was an employee of Gerstenslager Co., a fully owned subsidiary of Worthington, at the time of the accident. After Continental denied UIM benefits, appellant filed a complaint in the Holmes County Court of Common Pleas, seeking declaratory judgment. Continental filed a Motion for Summary Judgment, which the trial court granted via Judgment Entry filed December 11, 2001.
It is from this judgment entry appellant appeals, raising as her sole assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S SUMMARY JUDGMENT MOTION.
This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
In her sole assignment of error, appellant challenges the trial court's granting summary judgment in favor of Continental.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36.
Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard we review appellant's assignment of error.
The Continental policy at issue herein, defines "Who is an Insured" as follows:
* * *
a. You for any covered "auto".
 b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
 (1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
 (2) Your employee if the covered "auto" is owned by that employee or a member of his or her household.
 (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
 (4) Anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered "auto".
The word "you" is defined as "the named insured shown in the declaration." Additionally, endorsements 1, 2, 17, and 19 expand "you" to include Worthington International subsidiaries and related corporate entities. The "You" found in endorsement 18 refers to four specific individuals.
Pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 710 N.E.2d 1116, the first issue for our determination is whether appellant, as a family member of an employee of a Worthington subsidiary, was an "insured" for purposes of underinsured motorist coverage under the policy issued by Continental. Pursuant toScott-Pontzer and its progeny, we find the "you" portion of the definition of an "insured" includes employees of Worthington Industries, its subsidiaries, and its related corporate entities. Therefore, an employee, such as appellant's mother, would be entitled to UIM benefits under the Continental policy. However, the definition of "insured" in the Continental policy does not contain the "if you are an individual, any family member" language found in the Pontzer policy. We find the absence of this language precludes a finding appellant was an "insured" under the Continental policy.
Appellant maintains this Court's recent opinion in Burkhart v. CNAIns. Co. (Feb. 25, 2002), Stark 5th App. No. 2001CA00265, unreported, controls the outcome of this appeal. We disagree. Because appellant does not fall within the definition of "insured" under the Continental policy, it is unnecessary for this Court to determine what effect inclusion of specifically named individual insureds in the UM/UIM endorsement had on coverage as we did in Burkhart. Appellant's sole assignment of error is overruled.
The judgment of the Holmes County Court of Common Pleas is affirmed. Costs assessed to appellant.
By: HOFFMAN, P.J. WISE, J. concurs. EDWARDS, J. concurs separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs assessed to appellant.